J. STEPHEN STREET    1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:    (808) 754-1647
Facsimile No.:    (888) 334-6499
E-mail:    jsstreet@ip-law-hawaii.com

DANE ANDERSON    9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii  96806
Telephone No.:    (808) 285-4760
E-mail:    dane@andersonlawhawaii.com

Attorneys for Plaintiff
VINCENT KHOURY TYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>    Plaintiff,<br><br>vs.<br><br>MAUI MOUNTAIN CYCLING LLC, a Hawaii Limited Liability Company, dba HAWAIIAN CRUISERS; MICHAEL JOHNSON, an individual; PARADISE ADVENTURES INC., a dissolved Hawaii Corporation; ROLF HIRSCHMANN, an individual; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>    Defendants. | CIVIL NO. 16-00605<br>(Copyright Infringement)<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS; EXHIBITS "A"-"B" |

# COMPLAINT FOR COPYRIGHT INFRINGEMENTS AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiff VINCENT KHOURY TYLOR, by his attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for his complaint alleges as follows:

## PARTIES

1. Plaintiff VINCENT KHOURY TYLOR ("Plaintiff") is a resident of the State of Hawaii.

2. Upon information and belief, Defendant MAUI MOUNTAIN CYCLING LLC ("MMC") is a Hawaii limited liability company with its principal place of business in Lahaina, Hawaii, and is doing business as HAWAIIAN CRUISERS.

3. Upon information and belief, Defendant MICHAEL JOHNSON ("Johnson") is a resident of the State of Hawaii and is the owner and member of MMC.

4. Upon information and belief, Defendant PARADISE ADVENTURES INC. ("Paradise Adventures") is a dissolved Hawaii corporation.

5. Upon information and belief, at all times relevant, Defendant ROLF HIRSCHMANN ("Hirschmann") was a resident of the State of Hawaii and was owner, president, and registered agent of Paradise Adventures.

6. JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiff except, upon information and belief, that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendants who may be under a duty, contractually or otherwise, to pay Plaintiff compensation for loss incurred by the actions or omissions of the named Defendants and/or were in some manner related to the named Defendants and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiff or his attorneys. To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiff's counsel have investigated the facts alleged herein through, *inter alia*, interview of Plaintiff and inspection of the records in this matter. When the true names and capacities are ascertained, through appropriate discovery, Plaintiff shall move to amend this action to state the true names.

## **JURISDICTION AND VENUE**

7. This is an action for preliminary and permanent injunctive relief and damages arising from MMC's, Johnson's, Paradise Adventures, and/or Hirschmann's (collectively "Defendants") copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. and violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS

10. Plaintiff is a professional photographer and he licenses his photographic works for commercial and other uses.

11. Paradise Adventures and/or Hirschmann, at all times relevant, managed and controlled a commercial website, at http://www.hawaiiancruisers.com, where customers could view information on their Hawaiian Cruisers moped rental and sales business.

12. On April 28, 2015, Paradise Adventures assigned its trade name "Hawaiian Cruisers" to MMC, and the assignment was signed by Hirschmann.

13. Johnson and/or MMC also purchased assets from Hirschmann and/or Paradise Adventures, which upon information and belief, included the

4

hawaiiancruisers.com domain and infringing copies of the photographic works at issue at that domain in order continue or reincarnate the Paradise Adventures' Hawaiian Cruisers business.

14. Upon information and belief, following the assignment of the Hawaiian Cruisers trade name and purchase of assets from Paradise Adventures, Johnson manages and controls the commercial website, at http://www.hawaiiancruisers.com, where customers can view information on his and/or MMC's Hawaiian Cruisers moped rental and sales business.

15. Johnson is the registrant, personally, of the hawaiiancruisers.com domain.

16. Each photographic work at issue in this case is an original work entitled to copyright protection pursuant to the copyright laws of the United States, and each photographic work at issue is duly registered with the United States Copyright Office.

17. The two (2) photographic works, image nos.: "M-25 Kaanapali Beach" and "M-13 Lahaina at Dusk", at issue in this case were created by Plaintiff, a professional photographer, who owns the copyrights to those works. The copyrights for those photographic works were registered with the United States Copyright Office as VA 1-696-555, effective December 17, 2009, and supplemented by form VA 1-432-741, effective June 20, 2011, in the name of

Plaintiff, who has exclusive rights and privileges in those photographic works under the United States Copyright Act. A true and correct copy of the Certificate of Registration that relates to those photographic works is attached hereto as Exhibit "A."

18. None of the said photographic works was a "work for hire."

19. Plaintiff incurred substantial time and expense in creating the photographic works at issue.

20. Plaintiff discovered that Defendants, at all times relevant, were using his two (2) photographic works at issue, without obtaining licenses or consent from Plaintiff, on their commercial website, as follows:

Image "**M-25 Kaanapali Beach**" was used at least two (2) times at:

*Page URLs:*
http://www.hawaiiancruisers.com
http://www.hawaiiancruisers.com/ride/lahaina-kaanapali/
*Image URL:*
http://www.hawaiiancruisers.com/wp-content/uploads/2012/11/rides-kaanapali-beach-maui-148x142.jpg     (148 x 142 pixels)

Image "**M-13 Lahaina at Dusk**" was used at least three (3) times at:

*Page URLs:*
http://www.hawaiiancruisers.com/rentals/
http://www.hawaiiancruisers.com/places-to-ride/
http://www.hawaiiancruisers.com/rides.html
*Image URL:*
http://www.hawaiiancruisers.com/wp-content/uploads/2012/08/lahaina.jpg
(150 x 110 pixels)
http://www.hawaiiancruisers.com/images/lahaina.jpg     (150 x 110 pixels)

Defendants used these photographic works without obtaining licenses or consent from Plaintiff, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq*. A true and correct copy of each of these photographic works registered by Plaintiff along with copies of Defendants' infringing uses are attached hereto as Exhibit "B."

21. Plaintiff's copyrighted photographic works at issue, where they are legitimately available for commercial licensing, bear his copyright management information in the form of a "Vincent K. Tylor" signature at the bottom corner of each photographic work at issue.

22. Upon information and belief, Paradise Adventures and/or Hirschmann intentionally removed or altered Plaintiff's copyright management information from his photographic works at issue for their commercial uses, as described herein, without Plaintiff's authority or the authority of the law, and/or distributed their infringing uses of Plaintiff's photographic works at issue, knowing that Plaintiff's copyright management information had been removed or altered without his authority or the authority of the law and knowing that they did not own the photographic works. True and correct copies of Plaintiff's photographic works at issue containing his copyright management information along with copies of

screenshots of the infringing uses of the works with Plaintiff's copyright management information removed are shown in Exhibit "B."

23. Following the change of the domain registration and transfer of the hawaiiancruisers.com commercial website to Johnson, Johnson is vicariously liable, if not directly liable, for the said copyright infringements because, upon information and belief, as the current registrant of the hawaiiancruisers.com domain and as the owner and member of MMC, Johnson enjoyed a direct financial benefit from, and had the right and ability to supervise or control, the infringing activity of the photographic works at issue as used on hawaiiancruisers.com, as described herein.

24. At all times relevant, Hirschmann is directly, contributorily, and/or vicariously liable for the said copyright infringements and/or removal or alteration of copyright management information associated with the photographic works at issue because, upon information and belief, Hirschmann as president and owner of Paradise Adventures enjoyed a direct financial benefit from, and had the right and ability to supervise or control, the infringing activity and/or removal or alteration of copyright management information associated with the photographic works at issue as used on hawaiiancruisers.com, as described herein, prior to the time of the purchase of domain and/or website by Johnson and/or MMC.

25. On April 14, 2016, Plaintiff gave written notice to Johnson and MMC of the copyright infringements and DMCA violations described herein and demanded that they cease and desist and pay monetary damages. On April 20, 2016, Johnson responded to the notice and advised Plaintiff's counsel that Paradise Adventures would take responsibility for resolving the claims.

26. On May 2, 2016, Plaintiff's counsel informed Johnson that Paradise Adventures had not responded and that some of the infringing uses were still up at the URLs provided in the notice, described in paragraph 25.

27. On May 4, 2016, Hirschmann responded to the notice described in paragraph 25, indicating that he would take responsibility for resolving the claims.

28. On May 16, 2016, Hirschmann further responded to the notice described in paragraph 25, and confirmed that the photographic works have been deleted from the web pages and were removed from the server hosting hawaiiancruisers.com as of May 8, 2016.

29. On May 20, 2016, Articles of Dissolution, signed by Hirschmann, were filed with the State of Hawaii's Department of Commerce and Consumer Affairs, effectively dissolving Paradise Adventures as of that date. No notification of the dissolution, including a notice in accordance with Haw. Rev. Stat. § 414-386, was provided to Plaintiff or Plaintiff's counsel.

30. Plaintiff and Defendants have been unable to resolve this matter, thus necessitating legal action.

## FIRST CAUSE OF ACTION: <u>COPYRIGHT INFRINGEMENTS</u>

31. Plaintiff restates and realleges each of the allegations contained in paragraphs 1-30 as if fully stated herein.

32. Plaintiff has all rights, title, and interest in the copyrights to the photographic works at issue as holder and owner of the copyrights, the use of which has not been licensed to Defendants.

33. Defendants engaged in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted photographic works on said Defendants' commercial website, without obtaining licenses or consent from Plaintiff. Defendants' acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* for which Defendants are directly, contributorily, and/or vicariously liable, jointly, severally or in the alternative.

34. Defendants' unlawful use of copies of Plaintiff's photographic works have diminished the value of the original photographic works by displaying copies without identifying the photographic works as being the exclusive property of Plaintiff.

35. Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic

works, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic works.

36. Because Defendants used Plaintiff's copyrighted photographic works without license or consent, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

37. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered lost profits and damages.

38. Plaintiff is entitled to recover from Defendants the damages he has sustained as a result of these wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of copyright infringement.

39. Plaintiff is further entitled to recover from Defendants any gains, profits, or advantages Defendants obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

40. Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their violations of Plaintiff's copyrights.

41. Plaintiff is further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION: <u>DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS</u>

42. Plaintiff restates and realleges each of the allegations contained in paragraphs 1-41 as if fully stated herein.

43. Hirschmann and/or Paradise Adventures intentionally removed or altered copyright management information from association with Plaintiff's photographic works at issue for their said uses, and/or distributed copies of those photographic works at issue knowing that Plaintiff's copyright management information had been removed or altered, without the authority of Plaintiff or the law, knowing, or having reasonable grounds to know, that the removal or alteration, and/or distribution, would induce, enable, facilitate, or conceal infringement of copyright.

44. Hirschmann's and/or Paradise Adventures' acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, for which Defendants are liable jointly, severally, or in the alternative.

45. Plaintiff is entitled to a preliminary and permanent injunction to prevent Defendants from engaging in further violations of 17 U.S.C. § 1202.

46.     Plaintiff is entitled to recover from Defendants the actual damages suffered by him and any profits Defendants have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages.  Plaintiff is currently unable to ascertain the full extent of the profits Defendants have realized by their violations of 17 U.S.C. § 1202.

47.     Plaintiff is entitled to elect to recover from Defendants statutory damages for each of their violations of 17 U.S.C. § 1202.

48.     Plaintiff is further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR prays:

A.     That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendants and their directors, officers, managers, members, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiff's copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B.     That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the

photographic works at issue, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C. That Defendants be required to pay such damages as Plaintiff has sustained and any profits Defendants have gained in consequence of Defendants' unlawful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D. That Defendants be required to pay costs, including reasonable attorneys' fees, to Plaintiff pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

E. That Plaintiff be granted such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, November 10, 2016.

/s/ J. Stephen Street
J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiff
VINCENT KHOURY TYLOR